UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SERGEY KAZAKOV,<br><br>                Petitioner,<br>    v.<br>PAMELA BONDI, et al.,<br><br>                Respondents. | Case No. 2:25-cv-00352-JNW-TLF<br><br>ORDER DIRECTING RESPONDENTS TO SUPPLEMENT THE RECORD |

Petitioner Sergey P. Kazakov is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. Dkt. 1. Petitioner, who was born in the Soviet Union, asserts in his petition that he is currently stateless since the Soviet Union no longer exists, that he does not have a Russian passport or Russian citizenship status, and that his detention by ICE has therefore become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Respondents have filed a return and motion to dismiss that is currently ripe for review. Dkt. 11. Respondents argue therein that Petitioner has failed to demonstrate a good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. *Id.* Respondents assert that Petitioner is a native and citizen Russia, and that ICE is actively working to obtain a travel document to remove him to Russia. *Id.*

ORDER DIRECTING RESPONDENTS TO
SUPPLEMENT THE RECORD - 1

Respondents support their motion to dismiss with the declaration of ICE Deportation Officer Delano Dumo (Dkt. 12), and with documents from Petitioner's certified United States Citizenship and Immigration Services ("USCIS") administrative file which are attached to the declaration of Respondents' counsel. Dkt. 13.

Petitioner has filed a response opposing Respondents' motion to dismiss (Dkt. 14), together with a supporting exhibit from ICE Enforcement and Removal Operations, which indicates that Russia is one of the countries ICE considers "uncooperative" or "at-risk of non-compliance" with final orders of removal from the United States. Dkt. 14 at Exhibit 1.

Respondents have filed a reply in support of their motion to dismiss. Dkt. 15. Respondents reiterate therein their argument that Russia has not denied the request for a travel document and the request "remains pending." Respondents maintain that Petitioner has not met his burden of demonstrating good reason to believe that there is no significant likelihood of his removal to Russia in the reasonably foreseeable future.

The issue presented to this Court for resolution is whether there is good reason to believe that Petitioner's removal to Russia will be effectuated in the reasonably foreseeable future. The record before the Court reflects that Petitioner was ordered removed to Russia on March 14, 2024, over a year ago, and the Office of Enforcement and Removal Operations ("ERO") began the process of requesting travel documents in pursuit of Petitioner's removal in May 2024. Dkt. 12 at ¶¶10-11. The record further reflects the last communication ERO had with the Russian Embassy was in September 2024. *Id.* at ¶17. ICE Deportation Officer Delano Dumo states on September 12, 2024, the Russian Embassy requested a "vali color photograph of Petitioner, or in the

ORDER DIRECTING RESPONDENTS TO
SUPPLEMENT THE RECORD - 2

alternative, a color copy of his passport," and since then, ERO has been working with Petitioner and his family to obtain these documents. *Id.* He further states, "this process can sometimes take in excess of six months or more to conclude." *Id.* at ¶18.

Respondents do not explain in their materials why it has taken 10 months (since September 2024) to obtain a color photograph of Petitioner or a color copy of his passport. They further do not explain what further communications ICE has had, if any, with the Russian Embassy relating to Petitioner's removal. Petitioner has been detained for more than sixteen months (since he was ordered removed by Immigration Judge Floyd on March 14, 2024). Dkt. 13-1, at 2.

Based on the record before the Court, there is a need for additional clarity regarding the actual status of Petitioner's travel document request with the Russian Embassy. The fact that Petitioner's travel document request may remain pending as Respondents assert, says nothing about whether, under all the circumstances, Petitioner's removal is likely to occur in the reasonably foreseeable future.

Accordingly, the Court hereby ORDERS as follows:

(1) Respondents shall supplement their return and motion to dismiss with a status report and clarifying declaration not later than **August 18, 2025**. The declaration should detail any communications ICE officials have had with Russian authorities which support ICE's assessment that Petitioner's removal is likely to occur in the reasonably foreseeable future.

(2) Respondents' motion to dismiss (Dkt. 11) is RE-NOTED on the Court's calendar for consideration on **August 18, 2025**.

(3) The Clerk shall send copies of this Order to all counsel of record and to the Honorable Jamal N. Whitehead.

Dated this 30th day of July, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge