UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SERGEY P. KAZAKOV, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General of the United States, et al., <br><br> Respondents. | CASE NO. 2:25-cv-00352-JNW <br><br> ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## 1.   INTRODUCTION

Immigration and Customs Enforcement ("ICE") detained Petitioner Sergey Kazakov on October 24, 2023, to attempt to remove him to Russia. On March 14, 2024, an Immigration Judge ordered Kazakov removed to Russia, but he remains detained in the United States. On February 25, 2025, he petitioned for a writ of habeas corpus. United States Magistrate Judge Theresa L. Fricke issued a Report and Recommendation ("R&R") recommending the Court deny the petition. Dkt. No. 20. This matter comes before the Court on Kazakov's objections to the R&R. After de novo review, the Court DECLINES to adopt the R&R and GRANTS Kazakov's petition for writ of habeas corpus.

ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

## 2.  DISCUSSION

### 2.1    Legal standard.

Federal Rule of Civil Procedure 72 allows a party to file written objections to an R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be "specific" and relate "to the [R&R's] proposed findings and recommendations." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, Kazakov objects to the R&R's finding under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that he failed to show that his removal is not likely to occur in the reasonably foreseeable future. The Court appreciates the Magistrate Judge's thorough consideration of the record, but on de novo review, the Court finds that Kazakov has met his burden under *Zadvydas* and that his detention violates due process. Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### 2.2    Kazakov's detention violates due process under *Zadvydas.*

Kazakov argues that his continued detention violates due process because there is no significant likelihood he will be removed in the reasonably foreseeable future. The Court agrees.

ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

When a final order of removal is issued against a noncitizen, they enter a 90-day removal period; the Government detains them during that period to carry out their removal. 8 U.S.C. § 1231(a)(1). ICE may continue to detain noncitizens after the 90-day removal period expires under 8 U.S.C. § 1231(a)(6). However, in *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention." 533 U.S. at 689. Rather, it allows detention only for "a period *reasonably necessary* to bring about that [noncitizen's] removal from the United States." *Id*. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699.

The Court established six months as the "presumptively reasonable" period of post-removal-order detention. *Id*. at 701. After six months, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The Government's burden to justify continued detention thus becomes increasingly demanding over time.

The R&R relied on *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008), for the proposition that uncertainty about when removal will occur does not establish indefinite detention. But *Diouf* is distinguishable. There, the sole obstacle to removal was the petitioner's own litigation—Senegal had already issued travel documents, and ICE had twice arranged departure before Diouf refused to cooperate. *Id*. at 1226, 1233. Here, the obstacle is the Government's inability to

ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

obtain travel documents from an uncooperative country, which is the scenario *Zadvydas* addressed.

On de novo review, the Court finds that Kazakov has met his burden under *Zadvydas*. The Government agrees that the presumptively reasonable, six-month detention period expired long ago. Dkt. No. 11 at 6 (Government's Return). ICE began requesting travel documents from Russia to carry out Kazakov's removal on May 9, 2024, while he was detained, and it still has not received them. Nor has it received any confirmation that Russia considers Kazakov a Russian citizen. Kazakov maintains that he is not a Russian citizen and is in fact a citizen of the former U.S.S.R., making him stateless and making his removal to Russia unlikely. *See* Dkt. No. 1 at 3 ("ICE has not been able to effectuate my removal because I am a citizen of the U.S.S.R., a country that no longer exists."); *see also* Dkt. No. 12 ¶ 4 (noting Petitioner is "a native and citizen of Russia" but also that he entered the United States as an "LA6" "Soviet/ Indochinese parolee"); Dkt. No. 13-2 at 4 (emphasis added) ("Kazakov was admitted as a Legal Permanent Resident as a[n] LA6 Parolee *adjust* Russia."). But even if Kazakov is a Russian citizen, ICE has officially labeled Russia as "uncooperative" in accepting the return of its nationals, which supports Kazakov's argument that the Government is not likely to remove him in the reasonably foreseeable future. Dkt. No. 14-1 at 8.

Notably, the Government has submitted Declarations from ICE Deportation Officers ("DOs") highlighting the slow-moving and uncertain process of obtaining travel documents for Kazakov. On April 30, 2025, the Government submitted DO Delano Dumo's declaration, explaining that the last contact ICE had with Russia

ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

about Kazakov's travel documents request occurred on September 12, 2024. Dkt. No. 12 ¶ 17. Later, at the direction of Magistrate Judge Fricke, the Government submitted a supplemental declaration by DO Cristhian De Castro, describing ICE's September 12 communication with the Russian Embassy and ICE's follow-up:

> On September 12, 2024, the Russian Embassy requested a valid color photograph of the Petitioner, or in the alternative, a copy of his passport. On May 29, 2025, the Petitioner provided copies of an expired passport to ICE to file with the Russian Consulate in pursuit of obtaining his travel document.

> As of July 23, 2025, the Petitioner's updated travel document packet, which included a copy of his expired passport, was submitted to the Russian Consulate. Per the most recent response form [sic] HQ-RIO on August 12, 2025, the travel document is currently being reviewed by the Russian Consulate, and the Consulate will inform ICE if anything else is needed in order for it to issue the Petitioner a travel document.

Dkt. No. 18 ¶¶ 4–5. DO De Castro's declaration does not explain why ICE took *eight months* to get a "valid color photograph" of Kazakov or "in the alternative, a copy of his passport." *Id.* ¶ 4. Nor does it address ICE's designation of Russia as an uncooperative country for removal.

Given (1) the length of Kazakov's post-removal immigration detention as of the date of the R&R, (2) the lack of information about whether or when Russia will issue travel documents for Kazakov, and (3) the fact that Russia is designated as an "uncooperative" country for purposes of removal, the Court finds that Kazakov has met his burden under *Zadvydas* by showing that there is no good reason to believe that his removal is likely to occur in the reasonably foreseeable future.

The Government has not rebutted Kazakov's showing, especially considering Kazakov's lengthy ICE detention. *See Zadvydas*, 533 U.S. at 701 (When the period

ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

of post-removal confinement grows, "what counts as the 'reasonably foreseeable future'" shrinks.). Instead, DOs Dumo and De Castro each offer the same conclusory assertion: Russia has continued to process travel documents for its citizens. Dkt. Nos. 12 ¶ 18; 18 ¶ 6. "As such," they say in unison, "DHS has every reason to believe that the government of Russia will ultimately issue one for Petitioner . . . . DHS believes that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future." Dkt. Nos. 12 ¶ 18; 18 ¶ 6. But as this Court has previously found, the fact that a country generally issues travel documents for its citizens says little to nothing about whether that country will accept a particular petitioner for repatriation in the reasonably foreseeable future. *Uprety v. Bondi*, Case No. 2:25-cv-02443-JNW-MLP, 2026 WL 194227, at *3 (W.D. Wash. Jan. 26, 2026). The assertion that Russia generally issues travel documents for its citizens, if true, shows at most that "there is at least some possibility" that Russia will accept Kazakov "at some point" if it finds that he is a Russian citizen. *Id. (*citing *Abubaka v. Bondi*, No. 25-cv-1889-RSL, 2025 WL 3204369, at *5 (W.D. Wash. Nov. 17, 2025) (quoting *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025)). But as other courts in this district have found, "[t]hat is not the same as a significant likelihood that [the petitioner] will be accepted in the reasonably foreseeable future." *Id.* (quoting *Nguyen*, 796 F. Supp. 3d at 725); *see also Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006) (Government failed to meet *Zadvydas* standard on rebuttal because it provided "no substantive indication regarding how or when it expect[ed] to obtain the necessary travel documents" to remove the petitioner).

Ultimately, the Government fails to provide evidence rebutting Kazakov's showing under *Zadvydas*.

The Court acknowledges Kazakov's significant criminal history, including convictions for harassment with a threat to kill, protection order violations involving credible threats of violence, and attempting to elude police. *See* Dkt. No. 12 ¶¶ 5–7. These convictions underlie his removal order and are relevant to the conditions of his release. They do not, however, bear on whether there is a significant likelihood of Kazakov's removal in the reasonably foreseeable future—which is the only question before the Court under *Zadvydas*. *See* 533 U.S. at 699–701.

Because there is no significant likelihood of removal in the reasonably foreseeable future, Kazakov's continued detention is no longer authorized by statute and violates due process. Thus, he must be released.

### 3.   CONCLUSION

Accordingly, after de novo review on Kazakov's objections to the R&R (Dkt. No. 21), the Court DECLINES to adopt the R&R (Dkt. No. 20), GRANTS Kazakov's Petition for writ of habeas corpus (Dkt. No. 1), and ORDERS as follows:

1. Respondents must RELEASE Petitioner from custody within FORTY-EIGHT (48) hours of this order, subject to appropriate conditions of release as provided by 8 U.S.C. § 1231(a)(3).

2. Within FORTY-EIGHT (48) hours of this order, Respondents must provide the Court with a declaration confirming that Petitioner has

ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

been released from custody and informing the Court of the date and time of his release.

3. Petitioner's motion for status hearing is DENIED as moot. Dkt. No. 24.

Dated this 24th day of February, 2026, at 2:25 p.m.

Jamal N. Whitehead
United States District Judge

ORDER DECLINING TO ADOPT R&R AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8